```
UNITED STATES DISTRICT COURT
  NORTHERN DISTRICT OF ILLINOIS
         EASTERN DIVISION
```

| | | |
|---|---|---|
| MARCUS WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13 C 5977 |
| | ) | |
| ILLINOIS DEPT. OF CORR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendants Wexford Sources, Inc. ("Wexford"), Kenneth Brooks ("Brooks"), Michelle Brown ("Brown"), Vitali Kononov, M.D. ("Dr. Kononov"), and Saleh Obaisi, M.D. ("Dr. Obaisi") (collectively "Defendants") to dismiss Counts XVII, XVIII and XVIIII of Plaintiff Marcus Washington's ("Washington") complaint pursuant Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Defendants' motion is granted in part and denied in part.

## BACKGROUND

For the purposes of this motion, we accept as true the well-pleaded allegations of Washington's complaint. Washington is an Illinois state prisoner, confined at the Stateville Correctional Center ("Stateville") at all times relevant to this action. In September 2011, Washington was transferred to Stateville and given a medical and

dental examination, coupled with a dental x-ray. Washington was diagnosed with "Periodontics," and it was determined that a tooth needed to be extracted. Following the examination, Washington was seen by Stateville medical provider Brooks. Brooks did not perform the oral surgery Washington sought, and instead prescribed pain relievers and penicillin. Washington's pain persisted after he had exhausted his pain medications, which prompted him to write multiple grievance letters to the Stateville medical staff pleading to refill his prescription and schedule a further evaluation. After Washington's repeated requests for assistance went unanswered, he resorted to kicking his cell doors in early December 2011 to attract attention to his plight. As a result of his outburst Dr. Kononov prescribed "psych" medications. At the end of December 2011, Washington was seen again by Brooks who refilled his pain and penicillin prescriptions. Brooks also scheduled Washington for a January 2012 appointment to remove his tooth. As Washington's pain continued, Stateville medical provider Brown continued to prescribe pain relievers and penicillin.

In February 2012, Washington finally underwent oral surgery to extract the troublesome tooth. However, the removal of his tooth did not resolve the pain caused by Washington's "Periodontics," which he requested continued treatment for. Washington sent multiple medical service requests to the Dental Department of Stateville to treat his condition. Finally, on December 28, 2012, Washington received a teeth cleaning to treat his "Periodontics." On August 21, 2013, Washington filed his pro se nineteen-count complaint against the Defendants. The first sixteen counts

allege violations of his Eighth Amendment rights in conjunction with numerous civil rights violations brought pursuant to 42 U.S.C. § 1983. Washington includes three pendant Illinois state law causes of action which constitute the final three counts of his complaint. Washington alleges in Count XVII that he was subjected to willful and wanton negligence at the hands of the health care professionals at Stateville. In Count XVIII, Washington alleges intentional infliction of emotional distress. Finally in Count XVIIII, Washington alleges *respondent superior* liability.

On September 6, 2013 an attorney was appointed to represent Washington. On March 25, 2014, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants seek to dismiss Counts XVII, XVIII, and XVIIII of Washington's complaint.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the court accepts as true all the factual allegations pled in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Id*. Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting Fed. R. Civ. P.

8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo*, 526 F.3d at 1084 (emphasis in original). Pro se complaints should be construed liberally and held to a less stringent standard than those drafted by an attorney. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

## DISCUSSION

### I. Count XVII: Negligent or Willful and Wanton Conduct under Illinois Law

Count XVII of Washington's complaint is labelled as a cause of action for "negligent or willful and wanton conduct." Defendants assert that the essence of Washington's Illinois state law claim alleging willful and wanton negligence perpetrated by the Defendants is a medical malpractice claim at its heart. Defendants seek to dismiss Count XVII of Washington's complaint based on his failure to submit the appropriate medical certifications required to allege a medical malpractice claim under Illinois law. In Illinois a plaintiff is required to file a physician's certificate of merit and an accompanying report which is to be included with every malpractice complaint. *See* 735 ILCS 5/2-622; *McCastle v. Sheinkop*, 520 N.E.2d 293, 294 (Ill. 1987). Failure to file the necessary certificate in a medical malpractice claim is grounds for dismissal. 735 ILCS 5/2-622.

Washington maintains that his claim does not require compliance with 735 ILCS 5/2-622 because his allegations focus on his repeated requests for medical care

coupled with the failure of the Stateville medical staff to render medical assistance and provide adequate treatment. Washington argues that his allegations support a negligence claim, which does not require a 735 ILCS 5/2-622 affidavit. To support his assertion Washington principally relies on other U.S. District Court cases from the Northern District of Illinois which have dealt with allegations of medical negligence. Washington does not draw any comparisons between his claims and the claims considered in the comparable cases to provide guidance on how to proceed in the instant case. Since Washington has brought his willful and wanton claim as a pendant state law claim, we must look to Illinois law to determine the parameters of an Illinois medical malpractice claim.

In *Jackson v. Chicago Classic Janitorial & Cleaning Service, Inc.*, 823 N.E.2d 1055 (Ill. App. Ct. 2005), the court identified three factors to use in determining whether a cause of action is for medical malpractice, requiring an affidavit under 735 ILCS 5/2-622. The first factor is whether "determining the standard of care requires applying distinctively medical knowledge or principles, however basic." *Id*. at 1059. The second factor contemplates if the "activity that resulted in the alleged injury was inherently one of medical judgment." *Id*. The final factor looks to "the evidence that will be necessary to establish the standard of care unless [the] defendant's conduct is so grossly negligent or the treatment so common that a lay person could readily understand it." *Id*. at 1060.

The first factor requires determining if the applicable standard of care necessitates applying distinctively medical knowledge or principles. This factor weighs in favor of finding that Washington has brought a medical malpractice claim. Washington repeatedly states that the Defendants failed to perform the necessary oral surgery in a timely manner and failed to supply him with the proper pain medication to lessen the extreme pain he endured. The Defendants' reasoning for not performing Washington's dental surgery and gauging an appropriate medication regime requires the application of medical knowledge or principles to determine the appropriate standard of care.

The second factor, whether the activity that resulted in the alleged injury was inherently one of medical judgment, also favors the determination that Washington's claim is a medical malpractice cause of action. Washington's prolonged suffering is alleged to be a direct result of the Defendants' failure to treat him in a timely and diligent manner. At his initial inmate screening at Stateville in September 2011, Washington was diagnosed with "Periodontics" and Stateville medical providers determined that his tooth needed to be extracted. However his oral surgery was not performed until February 2012. Allowing an extended period of time to elapse before performing a needed surgery and determining the proper pain medication allocation for Washington is inherently a matter of medical judgment.

Finally, the third factor to be evaluated, determining the evidence that will be necessary to establish the standard of care at trial, weighs in favor of a finding that

Count XVII is a medical malpractice claim. Washington's allegations in this case concern the quality of medical care he was given, a matter that is "beyond the ken of the average lay juror and as such will require expert testimony." *Jackson*, 823 N.E.2d at 1060.

The Court concludes that Count XVII of Washington's complaint is a medical malpractice claim and subject to the requirements of 735 ILCS 5/2-622. Washington's complaint lacks the appropriate 735 ILCS 5/2-622 affidavit required for medical malpractice claims under Illinois law, and therefore Defendants' motion to dismiss is granted.

## II. Count XVIII: Intentional Infliction of Emotional Distress under Illinois Law

Defendants do not address the basis to dismiss Count XVIII. Therefore Defendants' motion to dismiss Count XVIII is denied.

## III. Count XVIIII: *Respondeat Superior* Claim under Illinois Law

Washington alleges that Wexford, as the employer of all individual Stateville medical staff Defendants, is responsible for the actions of its employees under the theory of *respondeat superior*. Defendants seek to dismiss Count XVIIII of Washington's complaint based on Washington's insufficient pleading of his *respondeat superior* claim. Defendants expend considerable argument attacking the merits of a *respondeat superior* claim brought pursuant 42 U.S.C. § 1983. However, Washington clearly enunciates that his *respondeat superior* claim is brought under Illinois state law.

In Illinois, to establish a *respondeat superior* claim, a plaintiff is required to show; "(1) a principal/agent, master/servant, or employer/employee relationship existed; (2) the principle controlled ort has the right to control the conduct of the alleged employee or agent; and (3) the alleged conduct of the agent or employee fell within the scope of the agency or employment." *Wilson v. Edward Hosp.*, 981 N.E.2d 971, 978 (Ill. 2012). Washington alleges that the individual Defendants were employed by Wexford, that Wexford as the employer has the right to control the individual Defendants, and the conduct of the individual Defendants fell within the scope of their employment. While Washington only alleges in Count XVIIII that the "Defendants acted in the scope of their employment," after reviewing the complaint in its entirety, the Court finds that Washington has alleged facts with enough specificity to establish a prima facie Illinois *respondeat superior* claim. Therefore, the Defendants' motion to dismiss Count XVIIII is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. In Court Ruling set for 6/10/2014 is stricken. Status hearing set for 6/26/2014 at 9:30 a.m. shall stand.

_____
Charles P. Kocoras
United States District Judge

June 5, 2014
Dated: _____